```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

CURTIS SMITH,                       :
and all others similarly            :
situated                            :      No. 1:08-CV-00234
                                    :
     Plaintiffs,                    :
                                    :
     v.                             :      **OPINION AND ORDER**
                                    :
SIMON LEIS, Sheriff, et al.,        :
                                    :
     Defendants.                    :


This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint to Substitute Named Class Representatives (doc. 31), Defendants' Motion to Dismiss for Failure to Prosecute and for Sanctions (doc. 42), Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Amend (doc. 43), Plaintiff's Omnibus to Defendants' Motion and in Support of Plaintiff's Motion for Leave to Amend (doc. 49), Defendants' Reply Memorandum in Support of the Motion to Dismiss (doc. 60), and Defendants' Supplemental Memorandum (doc. 61). For the reasons stated herein, the Court GRANTS Plaintiff's Motion for Leave to Amend Complaint (doc. 31), and DENIES Defendants' Motion to Dismiss for Failure to Prosecute and for Sanctions (doc. 42). The Court further DENIES Defendants' request for oral argument on both motions. Further, in light of the Court's ruling on Plaintiff's Motion to Amend Complaint, the Court DENIES AS MOOT Defendants' Motion to Dismiss (doc. 26), with leave to re-file after Plaintiff files the amended

complaint.

**I. Plaintiff's Motion to Amend Complaint**

In Plaintiff's Motion, he requests leave, pursuant to Fed. R. Civ. P. 15 for leave to amend his complaint to substitute two additional class representatives, Dwight Ringer ("Ringer") and Andre Miles ("Miles"), and to eliminate the separation of powers claim from the original complaint (doc. 31).

Having reviewed this matter, the Court finds Plaintiff's request well-taken. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Further, the Supreme Court stated:

> In the absence of any apparent or declared reason- such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Monnette v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996). Plaintiff contends that amendment of the complaint to add two additional plaintiffs implicates none of the concerns identified by the Sixth Circuit or Ohio Supreme Court, stating that because the claims of Miles and Ringer are identical to Plaintiff Smith's their addition to the lawsuit does not change the nature of Plaintiff's complaint (doc. 31). Further, Plaintiff contends that most of the discovery conducted thus far has concerned the conditions,

practices, and policies governing the use of pretrial EMU and subsequent bond revocations in Hamilton County, so no prejudice or undue delay would occur (Id.).

In response, Defendants argue that the Court should not allow the amendment because Miles and Ringer are not proper parties, stating that "it is apparent that rather than substituting class representatives, Counsel is seeking, on her own behalf, to add Miles and Rogers as intervening plaintiffs in this action" (doc. 43).[1] Additionally, Defendants argue that Miles and Ringer cannot intervene in this action because their respective causes of action are barred by the statute of limitations (Id.). Defendants contend the appropriate statute of limitations, pursuant to R.C. 2744.04(A) provides that a case must be brought within two years after the cause of action arose, and that the statute ran as to Miles as of July 5, 2008, and as to Ringer on November 18, 2008 (Id.). Defendants aver that although the original complaint was filed on April 3, 2008, Miles and Ringers' causes of action do not relate back to the original filing of the complaint (Id.).[2]

Having reviewed this issue, the Court finds Plaintiff's

---

[1] Defendants also argue that Plaintiff's motion is improper because Curtis Smith did not personally authorize the filing of the motion. Defendants cite no authority to support this argument and bring forth no evidence that Plaintiff opposed counsel filing the motion. Therefore, the Court need not address this unfounded argument.

[2] Defendants make additional arguments concerning Miles and Ringer's adequacy as class representatives, which are issues properly considered in the upcoming hearing on class certification. The Court will therefore not address those arguments in this Order.

3

request well-taken. First, Defendants have demonstrated no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the Court finds that Defendants have produced no evidence, beyond mere speculation, to suggest that Plaintiff's counsel is the "driving force behind this litigation." Finally, the Court does not find well-taken Defendants contention that Miles and Ringer's claims are barred by the statute of limitations. In Am. Pipe & Contr. Co. v. Utah, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." See also Vaccariello v. Smith & Nephew Richards, Inc., 94 Ohio St. 3d 380 (Ohio 2002). The original complaint was filed on April 8, 2008, well before the expiration of the statute of limitations for Miles and Ringer as calculated by Defendants. For these reasons, the Court GRANTS Plaintiff's motion to amend.

**II. Defendants' Motion to Dismiss for Failure to Prosecute and for Sanctions**

Defendants move for dismissal pursuant to Fed. Civ. R. Pro. 41(b)[3], arguing Plaintiff failed to prosecute his claim by failing

---

[3] Defendants' motion states that they move for dismissal under Fed. R. Civ. P. 41(a), which allows voluntary dismissal by Plaintiffs, so the Court construes this as a motion to dismiss under Fed. R. Civ. P. 41(b).

4

to appear at his scheduled deposition (doc. 42).  Dismissal for want of prosecution is governed by a four-factor analysis: 1) whether the party's failure is due to wilfulness, bad faith, or fault; 2) whether the adversary party is prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate would result in dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Schafer v. City of Defiance Police Dept., 529 F.3d 731, 737 (6th Cir. 2008).

Under this standard, the Court does not find that dismissal is appropriate.  It is clear that the parties have engaged in discovery and that Plaintiff's counsel informed Defendants' of Plaintiff Smith's absence well in advance of the deposition date. Further, in light of the Court's ruling on Plaintiff's motion to amend the complaint to substitute class representatives, the Court does not find that Plaintiff Smith's absence prejudices Defendants.

Defendants further request sanctions against Plaintiff Smith and Plaintiff's Counsel pursuant to Fed. Civ. R. P. 37(d)(1)(B) and 37(d)(3).  As Defendants make no argument in support of this motion, the Court does not find it well-taken and denies the motion.

Finally, the Court notes that is disturbed by the nature of some of Defendants' briefing.  As counsel is well aware, this Court will not tolerate personal attacks.  The Court is disappointed by

the tone of defense counsel, and trusts that this type of behavior will not continue.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to Amend Complaint (doc. 31), and DENIES Defendants' Motion to Dismiss for Failure to Prosecute and for Sanctions (doc. 42). The Court further DENIES Defendants' request for oral argument on both motions. Further, in light of the Court's ruling on Plaintiff's Motion to Amend Complaint, the Court DENIES AS MOOT Defendants' Motion to Dismiss (doc. 26), with leave to re-file after Plaintiff files the amended complaint. Finally, in the interest of justice of all parties, the Court will rule on any dispositive motions after its ruling on class certification.

SO ORDERED.

Date: June 11, 2009              s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge