IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

CURTIS SMITH, *Et Al.*,                  :          Case No. 1:08cv234
                                                    (Judge Spiegel)
     Plaintiffs,                     :

V.                                       :

SIMON LEIS, *Et Al.*,                    :

     Defendants.                     :

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS PENDING THE COURT'S
DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

After nearly 14 months of aggressively litigating this case, Defendants now move the Court

to stay the proceedings pending a ruling upon their motion for summary judgment. More

specifically, Defendants argue that the entire case, including Plaintiffs' pending motion for class

certification and any additional discovery Defendants may wish to undertake as a result of the filing

of an amended complaint, should be placed on hold while the Court resolves Defendants' claims of

immunity. This request should be denied.

Defendants assert four types of immunity in their motion for summary judgment: 1) absolute

judicial immunity for the municipal court and its judges;[1] 2) Eleventh Amendment immunity for the

Hamilton County Municipal Court; 3) official capacity immunity for Sheriff Simon Leis and Deputy

Copenhaver; and 4) individual capacity qualified and absolute judicial immunity for Deputy

Copenhaver. Even if successful, these immunity defenses would not bar the entirety of Plaintiffs'

---

[1]Any immunity to which the individual judges of the Hamilton County Municipal Court may
be entitled is irrelevant here; the judges themselves are not named as defendants in this action.

suit and therefore do not warrant staying the proceedings.[2]  Assuming *arguendo* that Defendants'

Eleventh Amendment and judicial immunity claims were valid, a fact which Plaintiffs do not

concede, the municipal court and its judges would be immune from monetary damages claims.

Plaintiffs, however, seek declaratory and injunctive relief in addition to money damages, claims to

which Eleventh Amendment and judicial immunity do not apply.  *See, e.g., Rossborough Mfg. Co.

v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

n.10 (1989).  Similarly, the qualified immunity defense asserted on behalf of Deputy Copenhaver

also does not preclude claims for declaratory and injunctive relief against government officials sued

in their individual capacities.  *See Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001); *Littlejohn

v. Rose*, 768 F.2d 765, 772 (6th Cir. 1985).

Defendants also assert that the Sheriff's Office and Deputy Copenhaver are immune from

any claims regarding the terms of pretrial electronic monitoring, as they did not create the policy that

lead to the imposition of those terms.  This defense is unnecessary, as Plaintiffs' amended complaint

eliminates the claim that the Sheriff and his deputies violate the separation of powers doctrine by

imposing bond conditions.  Moreover, what role the Sheriff and his employees may play in the

events underlying Plaintiffs' remaining claims is a question of fact to be resolved outside of the

immunity context.  And even if the Sheriff's Office plays no role in determining and imposing the

conditions of bond, that still does not resolve the Sheriff's liability for the remainder of Plaintiffs'

claims.

---

[2]Plaintiffs will more fully address the merits of Defendants' alleged immunity defenses in responding to Defendants' motion for summary judgment.  For the purposes of the motion for stay, the underlying merits of each immunity claim are irrelevant, given that at least some portion of the suit would remain even if all Defendants' immunity defenses were meritorious.

As such, even viewing the case in the light most favorable to Defendants, their asserted immunity defenses will not conclusively resolve this case. Plaintiffs' claims for declaratory and injunctive relief survive Defendants' alleged immunity from damages. There accordingly exists no valid reason to depart from the ordinary requirement that the Court resolve Plaintiffs' motion for class certification as early as practicable and Defendants' motion for summary judgment at the conclusion of discovery. *See, e.g.,* Fed. R. Civ. P. 23(c)(1), 56(f); *Grant v. Bureau of Field Services*, 1987 WL 37387, at *1 (6th Cir. May 14, 1987) (holding that class certification issues should be resolved before summary judgment). Defendants' motion for stay should therefore be denied.

Respectfully submitted,

/s/ Jennifer M. Kinsley
H. LOUIS SIRKIN (Ohio Bar No. 0024573)
JENNIFER M. KINSLEY (Ohio Bar No. 0071629)
Sirkin Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
(513) 721-4876

Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic notification system to: Michael Florez, Pamela Sears, and Colleen McCafferty, Hamilton County Prosecutors Office, 230 East Ninth Street, Fourth Floor, Cincinnati, Ohio 45202, on the 15th day of June, 2009.

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY (Ohio Bar No. 0071629)

Counsel for Plaintiffs

3