CURTIS SMITH, et al.,
and all others similarly
situated                  :     No. 1:08-CV-00234

    Plaintiffs,

    v.                      **OPINION AND ORDER**

SIMON LEIS, Sheriff, et al.,

    Defendants.

This matter is before the Court on Plaintiffs' Motion to Certify Class (doc. 8), Defendants' Response in Opposition (doc. 14), Plaintiffs' Reply in Support (doc. 21), and Plaintiffs' Supplemental Memorandum in Support (doc. 29). Also before the Court is Defendants' Motion to Stay Pending the Court's Decision on Defendants' Motion for Summary Judgment (doc. 72), Plaintiffs' Response in Opposition (doc. 74), and Defendants' Reply in Support (doc. 75). The Court held a hearing on these issues on June 17, 2009. For the reasons stated herein, the Court DENIES Defendants' Motion for Stay, and HOLDS IN ABEYANCE the Courts' decision on class certification for forty-five (45) days.

**I. Motion to Stay**

Defendants move the Court to stay any further proceedings in this action pending the Court's ruling on Defendants' Motion for Summary Judgment (doc. 72). Defendants argue that they are entitled to a stay because their motion for summary judgment

asserts qualified and sovereign immunity defenses which must be resolved "at the earliest stage in litigation" (Id., quoting Pearson v. Callahan, 129 S.Ct. 808, 815 (2009)., Kelly v. Great Seneca Financial Corp. 447 F.3d 944 (6th Cir. 2006)).

In response, Plaintiffs note that Defendants' request comes after fourteen months of litigation in this case (doc. 74). Plaintiffs argue that even if Defendants were successful on their motion for summary judgment, their immunity defenses would not bar the entirety of Plaintiffs' suit because Plaintiffs seek declaratory and injunctive relief in addition to money damages, claims to which the Eleventh Amendment and judicial immunity would not apply (Id., citing Rossborough Mfg. Co. v. Trimble, 301 F.3d 482, 489 (6th Cir. 2002)). Therefore, Plaintiffs contend that there exists no valid reason to depart from the ordinary requirement that the Court resolve Plaintiffs' motion for class certification as early as practicable and Defendants' motion for summary judgment at the conclusion of discovery (Id., citing Grant v. Bureau of Field Services, 1987 WL 37387, at *1 (6th Cir. May 14, 1987)).

Fed. R. Civ. P. 23(c)(1)(A) states: "When a person sues or is sued as a representative of a class, the court must—at an early practicable time—determine by order whether to certify the action as a class action." While postponing a ruling on class certification in the interest of overall efficiency can be appropriate, a district court enjoys discretion in determining

whether and when to certify a case, Reeb v. Ohio Dept. of Rehabilitation and Correction, 435 F.3d 639, 643 (6th Cir.2006), Coalition to Defend Affirmative Action v. Regents of University of Mich., 539 F.Supp.2d 960, (E.D. Mich. 2008). In cases where it is apparent that the case cannot proceed on the merits, courts have found it reasonable to consider summary judgment prior to class certification. See Wright v. Schock, 742 F.2d 541, 544 (9th Cir.1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation.").

However, that is not the situation here. As Plaintiffs point out, and as Defendants acknowledged at the June 17, 2009 hearing, even if the Defendants prevailed on their motion for summary judgment, Plaintiffs' claims for injunctive and declaratory relief would remain. Further, "dismissal prior to certification is res judicata as to the class representatives, but has no effect on the putative class members. Regents of University of Mich., 539 F. Supp. 2d at 974; Wright, 742 F.2d at 544. Therefore, the Court finds that the interests of judicial economy and of any decision of the Court binding the potential class, both weigh in favor of determining class certification prior to consideration of Defendants' motion for summary judgment, which is not yet ripe for the Court's review. For these reasons, as well as those announced

at the June 17th hearing, the Court denies Defendants' motion for stay.

## II. Class Certification

At the June 17th hearing on class certification Defendants argued that any decision on class certification is premature because they have not had the opportunity to conduct discovery into the adequacy of the class representatives. The Court finds this argument well-taken. The Court only recently granted Plaintiffs' motion to amend the complaint to add additional class representatives, and therefore the Court finds it proper to allow thirty days for Defendants to complete discovery and file any objections to the identified class representatives. During that time Plaintiffs are to inform Defendants of any additional class representatives that they have identified. The Court is satisfied with the arguments presented by the parties on all other elements of class certification under Fed. R. Civ. P. 23, and thus will only accept further filings on the issue of the adequacy of the identified class representatives.

Also during the hearing, Defendants argued that Miles and Ringer, the identified class representatives, were not adequate class representatives because their claims are time-barred. Miles' and Ringer's claims arose on July 5, 2006, and November 18, 2006, respectively (doc. 42). The Court resolved this issue in its previous order, stating:

4

> [T]he Court does not find well-taken Defendants' contention that Miles' and Ringer's claims are barred by the statute of limitations. In <u>Am. Pipe & Contr. Co. v. Utah</u>, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." <u>See</u> <u>also</u> <u>Vaccariello v. Smith & Nephew Richards, Inc.</u>, 94 Ohio St. 3d 380 (Ohio 2002). The original complaint was filed on April 8, 2008, well before the expiration of the statute of limitations for Miles and Ringer as calculated by Defendants (doc. 70).

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motion for Stay, and HOLDS IN ABEYANCE the Court's decision on class certification for forty-five (45) days. Defendants are to conduct discovery into the adequacy of Miles and Ringer as class representatives, and within thirty (30) days of this Order must file any objections on the issue of their adequacy with the Court. During that time Plaintiffs are to inform Defendants of any additional class representative that they have identified. Finally, the Court GRANTS Plaintiffs thirty days to clarify their amended complaint as to the status of Plaintiff Smith.

SO ORDERED.


Date: June 18, 2009        /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge